840 F.2d 11
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin Lee HARRIS, a/k/a/ Abdul-Karim Mu'Min, Defendant-Appellant.
 No. 87-5540.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 29, 1987.
Decided Feb. 19, 1988.
 
 (Clara A. Williamson, on brief) for appellant.
 (Henry E. Hudson, United States Attorney, Deborah Kay Harnesberger, Maury S. Epner, Special Assistants, on brief) for appellee.
 Before WIDENER, JAMES DICKSON PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marvin Lee Harris appeals his conviction for attempted bank robbery under 18 U.S.C. Secs. 2113(a) and 2. Harris's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In the only issue raised in the Anders brief, Harris's attorney argues that the evidence adduced at trial failed to prove Harris's presence at the scene of the attempted bank robbery and failed to prove that Harris acted with the criminal intent necessary to sustain a conviction under 18 U.S.C. Secs. 2113(a) and 2. We find the evidence sufficient and affirm Harris's conviction. The facts of the case are as follows.
 
 
 2
 On January 25, 1982, at approximately 1:15 p.m., two black males wearing ski masks approached the side doors of a bank in Fairfax, Virginia. One of the men wore a burgundy mask with yellow trim and a green army fatigue jacket. He carried a one-barreled sawed-off shotgun with a wooden stock. The other man wore a brown mask and carried a tan plastic bag. Each was between five feet, six inches tall and five feet, nine inches tall.
 
 
 3
 Finding the side doors of the bank locked, the men shook the doors for several moments. Unable to gain entry, they turned, removed their masks, and fled to a 1966 or 1967 blue-green Chevrolet Impala. The vehicle sped off toward Interstate 395, driven by a third person who had been waiting in the car.
 
 
 4
 At approximately 1:15 p.m., a police detective in the vicinity of I-395 heard a report on his radio of an attempted robbery at the bank. He stationed his unmarked police car on I-395 and awaited a vehicle meeting the description of the blue-green 1966 Impala. Spotting a vehicle matching the report's description, the detective followed the car. The detective observed only one black male in the Impala. A high-speed chase ensued, with the Impala eventually colliding with a car driven by Mr. Russell Miller. Miller later identified Marvin Lee Harris as the driver of the Impala.
 
 
 5
 Unable to free the Impala from a median which Harris had attempted to cross, Harris, who is five feet, six inches tall, fled on foot. No one else was seen exiting the Impala. A police aide observed Harris exit the Impala and chased Harris to an apartment building where the arrest was made.
 
 
 6
 A subsequent search of the Impala yielded a green army fatigue jacket, a loaded .22-caliber pistol, a tan plastic bag, a loaded one-barreled sawed-off shotgun with a wooden stock, two ski masks, and several pairs of gloves.
 
 
 7
 The test for the legal sufficiency of the evidence in a criminal prosecution is "not whether the appellate court is convinced of guilt beyond a reasonable doubt, but rather whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir.1986) (quoting United States v. Jones, 735 F.2d 785, 791 (4th Cir.), cert. denied, 469 U.S. 918 (1984); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982)). Using this test, we find the evidence sufficient to sustain Harris's conviction.
 
 
 8
 In accordance with Anders, we have independently reviewed the record and all pertinent papers. We find no meritorious grounds for Harris's appeal and therefore affirm the judgment below.
 
 
 9
 We deny the request of Harris's counsel to withdraw and remind her of her continuing obligation to Harris. In the case of an unsuccessful appellant represented by appointed counsel, the attorney's responsibilities are set forth in the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing the client in writing of his right to petition the Supreme Court for a writ of certiorari. If the client so requests, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the client's rights.
 
 
 10
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by such argument.
 
 AFFIRMED.[1]
 
 
 [1]
 We have not considered Harris' allegation of ineffective assistance of counsel